1

2

3

4

5

6          ***E-FILED - 11/19/08***

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              CASE NOS.  C-06-03064-RMW (PR)
                                                       CR-96-20057-RMW
          Plaintiff-Respondent,

12
     v.                                     ORDER DENYING SECOND MOTION
13                                          UNDER 28 U.S.C. § 2255 TO VACATE,
     MARIO CEJA MAGANA,                     SET ASIDE OR CORRECT SENTENCE
14
          Defendant-Petitioner.
15

16        Mario Ceja Magana has filed a second motion under 28 U.S.C. § 2255 to vacate, set

17   aside or correct his sentence pursuant to Ninth Circuit authorization.  In his motion, he

18   seeks relief on two bases: (1) his sentence was imposed in violation of his Fifth and Sixth

19   Amendment rights; and (2) he is actually innocent and, therefore, his conviction was

20   entered in violation of his due process rights.  Neither claim has merit and the motion is

21   hereby denied.

22        Magana was convicted on October 10, 1996 of conspiracy to possess

23   methamphetamine, and he was sentenced on April 16, 1997 to 20 years of imprisonment.

24   His conviction and sentence were affirmed on appeal in an opinion dated February 17,

25   1999.

26        Since an amount of drugs was not charged in the information on which Magana was

27   convicted and the jury was not asked to determine the quantity of drugs involved, Magana

28   claims he was deprived of his constitutional right to have the jury determine all elements

1    of his offense as required by such case as *United States v. Velasco-Heredia*, 319 F.3d

2    1080, 1086 (9th Cir. 2003).  Although not cited by Magana, the more directly applicable

3    cases are *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Ameline*, 409

4    F.3d 1073, 1084 (9th Cir. 2005).  However, Magana's claim is not valid for a number of

5    reasons.  First, the cases on which he relies do not apply retroactively to convictions that

6    became final prior to their pronouncement which his did.  *United States v. Cruz*, 423 F.3d

7    1119, 1121 (9th Cir. 2005) ("*Booker* is not retroactive, and does not apply to cases on

8    collateral review where the conviction was final as of the date of *Booker's* publication.")

9        Second, the statutory maximum confinement under 21 U.S.C. § 841(b) for conviction

10   for *any* quantity of methamphetamine is 20 years.  Therefore, Magana was subject to a 20

11   year sentence without any enhancement for the quantity of methamphetamine.  In addition,

12   Magana had a prior conviction for a felony drug offense on which the government gave

13   notice that it intended to rely.  Therefore, Magana was subject to a 30 year sentence

14   regardless of the amount of methamphetamine.  21 U.S.C. 841(b)(1)(c).

15       For these reasons, Magana first basis for relief is without merit.

16       Magana also claims that he now has "newly discovered evidence," specifically a

17   purported declaration from his co-defendant Miguel Pedrisco Chavez, stating that he,

18   Magana, was a mere bystander who knew nothing about the drug transaction and that the

19   government had been informed prior to trial that Magana was innocent.  Chavez declares

20   he informed the government of Magana's innocence in an effort to settle the case but that

21   the government rejected both the information and his plea overture.

22       Chavez testified at trial, denied knowledge as what specifically Magana knew about

23   the drug transaction and did say that he did not know whether Magana was the source of

24   the methamphetamine.  RT (10/8/96) at 619.  However, he related numerous facts that

25   clearly implicated Magana.   Chavez's testimony at trial was clearly inconsistent with what

26   is now contained in his purported declaration.

27       Recantation testimony is properly viewed with great suspicion and is generally

28   considered unreliable.  *See Allen v. Woodford,* 395 F. 3d 979, 994 (9th Cir. 2005).  In this

1   case there are numerous reasons why the Chavez declaration is unreliable.  There is a

2   nine year gap between his trial testimony and his purported declaration.  The declaration is

3   conclusory and vague on the details of Chavez's purported disclosure to the government.

4   Chavez fails to identify to whom the disclosure was made, how it was made and the

5   specifics of the disclosure.  Further, the lead prosecutor, the case agent and another agent

6   deny that any proffer was ever made and their case records reflect no indication that

7   Magana approached the government about a plea or his claim that Magana was innocent.

8   Chavez does not explain the inconsistency between his declaration and his testimony at

9   trial.  Finally, the evidence at trial even without Chavez's testimony strongly pointed to

10   Magana guilt.  Therefore, even if Chavez had testified in accordance with his purported

11   declaration, the outcome of Magana's trial would have most likely been the same.

12         Magana requests an evidentiary hearing.  However, one is not necessary in view of

13   the inherent unreliability of Chavez's purported declaration.  In order to obtain a hearing

14   under section 2255, a petitioner must make a more substantial showing than merely

15   claiming a witness falsely testified and making the unsupported allegation that perjured

16   testimony was knowingly used by the prosecution.  *See Beavers v. United States*, 351 F.2d

17   507, 509 (9th Cir. 1965).  When a movant's claim for relief does not state a claim for relief

18   or is palpably incredible or patently frivolous, no hearing is required.  *See United States v.

19   Scaflander*, 743 F.2d 714, 717 (9th Cir. 1984).  The court finds that Magana's section 2255

20   motion does not state a claim because he cannot show prejudice and the allegation that he

21   told the government before trial that Magana was innocent is palpably incredible.

22   Therefore, Magana's second basis for relief has no merit.

23         Magana's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

24

25   DATED: 11/19/08

26                                                    *Ronald M Whyte*
                                                      _____
27                                                    RONALD M. WHYTE
                                                      United States District Judge
28

ORDER REQUIRING RESPONSE
CASE NOS. C-06-03064-RMW (PR); CR-96-20057-RMW

1   Copy of Order mailed on ____11/19/08_____ to:

2   Jeffrey D. Nedrow
    Assistant United States Attorney
3   280 South First Street
    San Jose, CA 95113
4
            Attorney for Plaintiff-Respondent United States of America
5

6   Mario Ceja Magana
    Reg. No. 00343-111
7   FCI Ashland
    P.O. Box 6001
8   Ashland, Kentucky 41105

9           Defendant-Petitioner in Pro Se

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER REQUIRING RESPONSE
CASE NOS. C-06-03064-RMW (PR); CR-96-20057-RMW